

**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

SULIMAN ABDULLAH
_____
Plaintiff

vs.   Case Number  2018 CA 000056 B

WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY
_____
Defendant

### SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Brendan J. Klaproth, Klaproth Law PLLC
Name of Plaintiff's Attorney
406 5th St. NW, Suite 350
Address Washington, DC 20001
202-618-2344
Telephone

Clerk of the Court

By _____
Deputy Clerk

Date  01/04/2018

如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시요    ያማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español




**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
**DIVISIÓN CIVIL**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Teléfono: (202) 879-1133

SULIMAN ABDULLAH
_____
                                               Demandante
                        contra

                                                                               Número de Caso: _____
WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY
_____
                                               Demandado

## CITATORIO

Al susodicho Demandado:

   Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veinte (20) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

   A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que Usted le entregue al demandante una copia de la Contestación o en el plazo de cinco (5) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

Brendan J. Klaproth, Klaproth Law PLLC              *SECRETARIO DEL TRIBUNAL*
Nombre del abogado del Demandante
406 5th St. NW, Suite 350
                                                                      Por: _____
Dirección  Washington, DC 20001                                           Subsecretario

         202-618-2344                                    Fecha _____
Teléfono
如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면 (202) 879-4828 로 전화주십시요    ያስተርጓሚ ከፈለጉ በ (202) 879-4828 ይደውሉ

   IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO, O SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍAN RETENERLE SUS INGRESOS, O PODRÍAN TOMAR SUS BIENES PERSONALES O RAÍCES Y VENDERLOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO.*

   Si desea converser con un abogado y le parece que no puede afrontar el costo de uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse de otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CASUM.doc



**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**
Civil Actions Branch
500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001
Telephone: (202) 879-1133 • Website: www.dccourts.gov

SULIMAN ABDULLAH
Vs.                                                                 C.A. No.       2018 CA 000056 B
WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("Super. Ct. Civ. R.") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the summons, the complaint, and this Initial Order and Addendum. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in Super. Ct. Civ. R. 4(m).

(3) Within 21 days of service as described above, except as otherwise noted in Super. Ct. Civ. R. 12, each defendant must respond to the complaint by filing an answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in Super. Ct. Civ. R. 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an initial scheduling and settlement conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than seven business days before the scheduling conference date.
No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Robert E. Morin

Case Assigned to: Judge ELIZABETH WINGO
Date:  January 4, 2018
Initial Conference: 9:30 am, Friday, April 06, 2018
Location:  Courtroom A-47
           515 5th Street NW
           WASHINGTON, DC  20001

CAIO-60

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. D.C. Code § 16-2825 Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code§ 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Actions Branch. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief   Judge   Robert   E.   Morin

CAIO-60

Filed
D.C. Superior Court
01/09/2018 12:06PM
Clerk of the Court

## IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

| | |
|---|---|
| SULIMAN ABDULLAH<br>4000 E Street SE, Apt. 103<br>Washington, D.C. 20019<br><br>Plaintiff,<br><br>v.<br><br>WASHINGTON METROPOLITAN AREA<br>TRANSIT AUTHORITY<br>600 5TH Street NW<br>Washington, D.C. 20001<br><br>Serve:  Carol O'Keeffe, Esquire<br>General Counsel's Office<br>WMATA<br>600 5th Street, N.W.<br>Washington, D.C. 20001<br><br>JOHN DOES 1-10 (*being the fictitious names of persons who are not presently known to Plaintiff*),<br><br>Defendants. | Civ. No. 2018 CA 000056 B |

### COMPLAINT AND JURY DEMAND

Plaintiff Suliman Abdullah ("Mr. Abdullah"), by his attorney, respectfully moves for judgment against Defendant Washington Metropolitan Area Transit Authority ("WMATA"), and alleges for his Complaint the following:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this claim pursuant to D.C. Code § 11-921(a)(6).

2. This Court has personal jurisdiction over the Defendant pursuant to D.C. Code § 13-422 and D.C. Code § 13-423(a)(3).

3. The acts alleged in this Complaint occurred in the District of Columbia and

therefore venue is proper in this district.

**PARTIES AND RELEVANT PERSONS**

4. Plaintiff Suliman Abdullah is an adult citizen of the District of Columbia.

5. Defendant Washington Metropolitan Area Transit Authority ("WMATA") is a governmental body in the form of an interstate compact agency, established pursuant to the laws of the District of Columbia, State of Maryland, and Commonwealth of Virginia. It maintains its principal office at 600 Fifth Street NW, Washington, D.C. 20001. At all times herein, WMATA owned and operated the Metro subway system in Washington, D.C. The Metro subway system was operated by and through WMATA's employees, who were acting within the course and scope of their employment and/or agency with WMATA.

6. Upon information and belief, defendants John Does 1-10 are fictitious names of persons who are not presently known to Plaintiff who were employed by WMATA or acted as representatives or agents of WMATA.

**FACTS COMMON TO ALL COUNTS**

7. On January 12, 2015, Mr. Abdullah was a passenger on WMATA Train 302, a six-car train traveling on the yellow line towards Huntington, Virginia, with over two hundred passengers on board.

8. At approximately 3:15 p.m., several hundred feet after having left the L'Enfant Plaza station, Train 302 encountered dense smoke in the tunnel and came to an abrupt halt.

9. Upon information and belief, a circuit breaker had tripped on the third rail (the conductor running alongside the train tracks that supplies high-voltage electric power to Metro trains) of that section of track approximately ten minutes beforehand, but it went uninvestigated by WMATA.

10. Train 302 became disabled in the tunnel without power and was illuminated by emergency lighting only.

11. Passengers on Train 302 were instructed to remain calm, to stay on the train, and to keep the doors closed, since they would be returning to the L'Enfant Plaza station in short order. These instructions were repeated throughout the passengers' ordeal.

12. At approximately 3:16 p.m., WMATA Operations Control Center attempted to activate ventilation fans to evacuate the smoke from the relevant section of tunnel. Upon information and belief, the fans failed to achieve their objective due to their failure to activate, their activation in the wrong direction, or some other cause.

13. According to the National Transportation Safety Board's Preliminary Report on the incident, released January 16, 2015, the smoke in the tunnel was caused by "severe electrical arcing" from the third rail approximately 1,100 feet ahead of where Train 302 stopped. Photos taken by NTSB investigators reveal severity of the damage done by the arcing:

 

14. At approximately 3:18 p.m., the District of Columbia Office of Unified Communications ("OUC") received a 911 call from a construction worker reporting smoke emanating from a Metro ventilation shaft located at 9th street and Maine Avenue SW, roughly a half-mile south of the train's location.

15. At approximately 3:22 p.m., OUC received a 911 call from WMATA Supervisor of Metro Rail Unit 22 reporting heavy smoke in the L'Enfant Plaza station.

16. At approximately 3:25 p.m., the train traveling just behind Train 302 on the same route arrived at the L'Enfant Plaza station, encountered smoke, and stopped roughly 100 feet short of the southern end of the platform.

17. At approximately 3:28 p.m., OUC dispatched a "Metro Station Box Alarm," which, in compliance with District of Columbia Fire and Emergency Medical Services Department ("FEMS") protocol, included the following units: (a) 5 Engine Companies; (b) 2 Ladder Trucks; (c) 2 Battalion Fire Chiefs; (d) 1 Battalion Fire Chief to WMATA Operations Command Center ("OCC") in Landover, MD; (e) 1 Heavy Rescue Squad; (f) 1 Basic Life Support Unit; (g) 1 Advanced Life Support Unit; and (h) 1 EMS Supervisor.

18. At approximately 3:31 p.m., the first FEMS responders arrived on-scene at the L'Enfant Plaza station. From the beginning, their efforts were hampered by the fact that WMATA had not updated its signal-boosting and signal-relaying equipment. WMATA was aware of this problem in the L'Enfant Plaza station at least as early as January 8, 2015.

19. At approximately 3:33 p.m., OUC received the first of several 911 calls from frightened passengers on smoke-filled Train 302.

20. Not until approximately 3:44 p.m. did WMATA confirm to FEMS that electricity to the relevant sections of the third rail had been shut off in order to allow the FEMS crews to safety access Train 302.

21. Not until approximately 4:00 p.m. are the passengers evacuated from the Train 302.

22. Plaintiff, as one of the passengers stuck in the smoke-filled train, sustained serious

pulmonary injuries, feared for his life and the lives of others while trapped, and sustained other physical and emotional injuries, as he struggled to survive.

## COUNT I
## NEGLIGENCE

23. The Plaintiff re-alleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

24. Plaintiff further alleges that at all times relevant herein, WMATA's trains, railroad operations, tunnels, tracks, and adjoining railroad tracks (the "subway property") were owned, controlled, operated, managed, constructed, maintained, repaired, designed, evaluated, built, overseen, patrolled, and supervised by WMATA.

25. Plaintiff further alleges that on January 12, 2015, and prior thereto, Defendant WMATA was responsible for maintaining and ensuring the safe use and proper condition of the railroad operations and property, including locomotives, trains, signs, signal, switches, safety devices, communication devices, and other equipment at and along the subway property, and for properly and safely managing, overseeing, and coordinating the travel of railroad trains upon and along said property.

26. At all times mentioned herein, Defendant WMATA, as a common carrier, owed a duty of reasonable care to its passengers.

27. Plaintiff further allege that Defendant WMATA breached this duty in some or all of the following ways:

    a. By failing to properly inspect and maintain the third rail running through the relevant section of tunnel;

    b. By failing to properly inspect and maintain the ventilation system for the relevant section of tunnel;

    c. By failing to properly train its agents, servants, and/or employees in the

      proper activation and use of the ventilation system in the event of a fire or smoke emergency;

   d. By failing to calibrate its radio equipment to be compatible with that of FEMS despite having clear notice of its non-compliance;

   e. By failing to equip its trains, specifically Train 302, with safety equipment adequate for emergencies of this nature;

   f. By failing to adequately investigate the third-rail circuit breaker that tripped at 3:06 p.m. on January 12;

   g. By failing to move Train 302 to a safe location (*e.g.*, back to the L'Enfant Plaza station) after it first encountered smoke in the tunnel;

   h. By failing to in a timely manner shut off electricity to the third rail in the relevant section of tunnel;

   i. By failing to in a timely manner inform FEMS that electricity had been shut off to the third rail in the relevant section of tunnel;

   j. By failing to in a timely manner evacuate Train 302 if and when it was determined that the train could or would not be moved and its cars were filling with smoke; and/or

   k. By otherwise negligently, carelessly, and wrongfully failing to take reasonable precautions to protect its passengers from injury and death.

28. As a direct and proximate result of Defendant WMATA's negligence, Mr. Abdullah was trapped, helpless, in Train 302 for nearly forty-five minutes as it filled with smoke.

29. As a direct and proximate result of Defendant WMATA's negligence, Mr. Abdullah feared for his life and the lives of others, sustained significant pulmonary injuries, breathed in harmful smoke, and experiences extreme helplessness, fright, anxiety, and anguish, both physically and emotionally.

30. As a further direct and proximate result of Defendant WMATA's negligence, Mr. Abdullah has suffered, and will continue to suffer, severe injuries, and extreme physical and emotional damages; has incurred, and will continue to incur, substantial medical expenses;

and has incurred, and will continue to incur, lost wages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief in the form of a judgment against WMATA for compensatory damages One Million Dollars ($1,000,000), pre and post judgment interest and costs, and attorney's fees.

## JURY AND TRIAL DEMAND

Plaintiff hereby demands a trial by jury with respect to each claim in this Complaint.

Respectfully submitted,

/s/ Brendan J. Klaproth
Brendan J. Klaproth (D.C. Bar No. 999360)
Klaproth Law PLLC
406 5th Street NW
Suite 350
Washington, DC 20001
Telephone: 202-618-2344
Email: Bklaproth@klaprothlaw.com
*Attorney for Plaintiff*